UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CATHY ENWERE,

    Plaintiff,

    v.

HUD FAIR HOUSING,

    Defendant.

_____/

No. C 11-0716 PJH

**ORDER OF DISMISSAL**

On April 8, 2011, this court dismissed without prejudice plaintiff's complaint and application to proceed in forma pauperis. Plaintiff was directed to file an amended complaint no later than May 9, 2011 or the case would be dismissed with prejudice. On April 20, 2011 plaintiff duly filed her amended complaint, now before the court. Also before the court is a motion to dismiss the amended complaint, filed by defendant HUD Fair Housing ("HUD" or "defendant"), as well as plaintiff's opposition thereto, defendant's reply, and the parties' supplemental filings. Because the court finds that oral argument is unnecessary and would not be helpful, the hearing date of June 29, 2011 is VACATED pursuant to Civil Local Rule 7-1(b). For the following reasons, plaintiff's amended complaint against defendant is DISMISSED, and defendant's motion to dismiss is furthermore GRANTED.

First, having reviewed plaintiff's amended complaint, the court concludes that plaintiff has failed to amend her complaint as instructed. Liberally construed, plaintiff's amended complaint makes various general allegations relating to the fact that she is disabled, and entitled to equal protection of the law and to certain civil rights, notwithstanding her disability. See generally Amended Complaint. Plaintiff also alleges that she previously went to "fair housing" in Oakland and filed a "complaint" that ended up before defendant HUD, and further alleges that defendant conducted a two-year investigation – presumably related to her complaint before HUD. Amended Complaint at 4. And in response to the court's prior request for clarification as to the nature of any prior or

related lawsuits, plaintiff now alleges the existence of C 07-1239, <u>Enwere v. Terman Apts., LP, et al</u>., filed before Judge Fogel in this district.  Notwithstanding these clarified allegations, however, plaintiff has still failed to allege a concrete basis for federal subject matter jurisdiction; separate causes of action; a specified violation of federal statutory or constitutional law as a basis for each cause of action; and/or facts showing defendant's involvement in any wrongful act alleged in each cause of action, as well as plaintiff's harm or injury.  Thus, it remains impossible for the court to discern the precise nature of plaintiff's complaint, or the legal theories pursuant to which plaintiff seeks redress.  In addition, the docket in <u>Enwere v. Terman</u>, reflects that defendant HUD filed a motion to relate the instant case to that prior case, which Judge Fogel rejected on April 1, 2011.  Thus, the presence of plaintiff's earlier case before Judge Fogel does not – without independent satisfactory allegations by plaintiff – serve to further clarify or establish the nature of any claims plaintiff presently asserts against defendant.  Dismissal is thus warranted on the foregoing basis alone.

     Second, and to the extent defendant's motion to dismiss goes further than the complaint justifies, sets forth the factual background in which the various disputes between the parties arise (briefly clarifying the underlying nature of the housing discrimination action before Judge Fogel) and interprets plaintiff's complaint to state claims pursuant to the federal Fair Housing Act ("FHA"), the Administrative Procedures Act ("APA"), or the Federal Tort Claims Act ("FTCA"), it is difficult for the court to conclude that these aforementioned claims are the claims actually intended by plaintiff.  Nonetheless, assuming that defendants have correctly identified plaintiff's claims, which she has not herself identified, the court also observes that defendant's grounds for dismissal appear to be meritorious.  For instance, plaintiff's claims, to the extent they do seek judicial review of any investigation undertaken in relation to a complaint plaintiff may have filed with HUD, are improper under the FHA and APA.  See <u>Marinoff v. U.S. Dept. Housing & Urban Dev</u>., 892 F. Supp. 493, 496-97 (S.D. N.Y. 1995).  Additionally, any claim asserted pursuant to the FTCA requires that plaintiff first exhaust administrative remedies – a fact which plaintiff has failed to allege in either iteration of her complaint.  See <u>Burns v. U.S</u>., 764 F.2d 722, 724 (9th Cir. 1985).

And to the extent plaintiff would assert any claim for violation of her constitutional rights against defendant, defendant correctly notes that plaintiff may only seek a remedy for violation of her constitutional rights from HUD – a federal agency – by proceeding against a federal official acting in his/her individual capacity.  See, e.g., Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir. 1987).  Plaintiff, however, has failed to allege any conduct by any individual federal official, such that such a claim could plausibly be supported.  Finally, while plaintiff has filed an opposition and an unauthorized supplemental brief asserting her objections to dismissal, plaintiff fails to include either a clear or comprehensible legal argument as to why her amended complaint states a legally viable cause of action, or as to why defendant's arguments in favor of dismissal are incorrect.  As such, defendant's motion, insofar as it has identified the correct claims, is well-taken, and presents an alternative ground for dismissal of plaintiff's amended complaint.

In sum, and based on the foregoing reasons, the court has considered the five factors set forth in Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987), and has determined that notwithstanding the public policy favoring the disposition of actions on their merits, the court's need to manage its docket and the public interest in the expeditious resolution of the instant litigation require dismissal of this action, with prejudice.  In view of plaintiff's failure to correct the deficiencies previously noted by the court in connection with the earlier dismissal of her original complaint, and plaintiff's failure to respond to defendant's briefing on the motion to dismiss with legally meritorious argument, the court finds there is no appropriate less drastic sanction.

Accordingly, this action is DISMISSED with prejudice.

**IT IS SO ORDERED**.

Dated: May 16, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge